IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS WORTH DIVISION

| | | |
|---|---|---|
| DERRICK A. WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:20-cv-00092-O-BP |
| | § | |
| FRANCIS PEREZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was automatically referred to the undersigned pursuant to Special Order 3 on July 10, 2020. ECF No. 2. Before the Court is Plaintiff's Complaint filed on July 10, 2020 (ECF No. 1), Plaintiff's Answers to the Court's Questionnaire filed on April 12, 2021 (ECF No. 13), and Plaintiff's Supplemental Response to the Court's Questionnaire filed with Plaintiff's Leave to File Supplemental Response to Questionnaire on April 21, 2021 (ECF No. 14). After considering the pleadings and applicable legal authorities, the undersigned therefore **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Plaintiff's federal law claims **with prejudice** for failure to state a claim and **DISMISS** his state law claims **without prejudice**.

**I.   BACKGROUND**

The following facts are taken from Plaintiff's Complaint. *See* ECF No. 1. Plaintiff applied for and received approval for section 8 housing in 2020. Around June 15, 2020, he visited the Parkstone Senior Village Apartments in Wichita Falls, Texas, and inquired about leasing a one-bedroom apartment. Defendant told him that such an apartment would be available the following month and that he should return the next week with the $19.00 application fee and $300.00 deposit. She wrote Plaintiff's name on a slip of paper and on a blackboard in her office. Thereafter,

Defendant contacted Plaintiff and informed him that there were no apartments available and that there was a two to three-year waiting list for an apartment. Plaintiff went to the apartment office and spoke with Defendant in person. He was told the same thing about no apartment being available, and the door was slammed in Defendant's face.

Plaintiff claims that Defendant violated his rights under the Fourteenth Amendment to the United States Constitution, "same under Texas Constitution," the "U.S. Fair Housing Act," and the Texas Fair Housing Act. *Id.* at 3. Plaintiff seeks damages for housing discrimination and discrimination of $1.2 million, mental and "emotion" distress of $100,000, and punitive damages of $1.2 million. *Id.* at 4.

## II.    LEGAL STANDARDS

Because Plaintiff is proceeding *in forma pauperis*, the Court is authorized under 28 U.S.C. § 1915(e)(2)(B) to screen Plaintiff's case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. *See Smilde v. Snow*, 73 F. App'x. 24, 25 (5th Cir. 2003). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To aid the Court in determining whether it should dismiss an *in forma pauperis* complaint, the Fifth Circuit has approved the use of questionnaires and evidentiary hearings. *Spears v.*

*McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). Responses to these questionnaires and hearings become part of the pleadings. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, if the court determines that the plaintiff has pleaded his or her best case, a district court does not err in dismissing a *pro se* complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

III.     ANALYSIS

On the face of the Complaint, as supplemented by Plaintiff's Answers and Supplemental Response to the Court's Questionnaire, Plaintiff has not stated a claim against Defendant for violation of federal law. The Answers to the Court's Questionnaire and Supplemental Response, provide similar information to that contained in Plaintiff's Complaint and also include copies of the a blank Supplemental Rental Application for Units Under Government Regulated Affordable Housing Programs, a Voucher issued under the Housing Choice Voucher Program, and blank Rental Application for Residents and Occupants of Parkstone Sr. Village. ECF Nos. 13 and 14.

Plaintiff's claim against Defendant under the Fourteenth Amendment fails to state a cause of action because Defendant is a private individual. "[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948). "That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Id.* There is no indication from the facts stated in Plaintiff's Complaint and questionnaire answers that Defendant is other than a private individual who was

employed at the apartments where Plaintiff sought to lease a unit. As a result, she was not acting on behalf of a state, and Plaintiff has no claim against her for a violation of his rights under the Fourteenth Amendment to the United States Constitution.

Likewise, Plaintiff fails to state a claim under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* (2021). The Fair Housing Act "generally prohibits discrimination in the sale or renting of housing." *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 727 (S.D. Tex. 2010). Section 3604 of the Act makes it unlawful to discriminate against a person in the renting of a dwelling based on the person's "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. Among other discriminatory actions in the rental of housing, this prohibition extends to refusal to rent, refusal to negotiate the rental of a dwelling, or discrimination in the terms and conditions of provision of a rental dwelling. *Id.* "[A] claim brought under the Act 'may be established not only by proof of discriminatory intent, but also by proof of a significant discriminatory effect.'" *Artisan/American Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009).

Although he asserts that Defendant violated the Fair Housing Act, Plaintiff pleads no facts to show that Defendant discriminated against him in violation of the Act. He states nothing that indicates Defendant refused to rent an apartment to him because of a discriminatory intent or that she did not rent him an apartment because of a policy of her employer that had the effect of discriminating against Plaintiff. Plaintiff simply concludes that Defendant's refusal to rent him an apartment after she said that a unit would become available was discrimination, but he did not explain how Defendant discriminated against him. Consequently, the Court cannot conclude that Plaintiff has stated a plausible set of facts that would show a violation of the Fair Housing Act.

Plaintiff's remaining claims for violation of the Texas Constitution's analogue to the Fourteenth Amendment to the United States Constitution and the Texas Fair Housing Act (Tex. Prop. Code, Ch. 301) do not assert a claim under federal law. When a suit contains federal law and state law claims, the district court has federal jurisdiction over the federal law claims and has discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *Pennie v. Obama*, 255 F. Supp. 3d 648, 677 n.5 (N.D. Tex. 2017) (citing 28 U.S.C. § 1367). But, a district court may "decline to exercise supplemental jurisdiction" when it "has dismissed all claims over which it has original jurisdiction." *Alford v. State Parking Servs.*, No. 3:13-cv-4546-L, 2014 WL 6977639, at *6 (N.D. Tex. Dec. 10, 2014) (*see also* 28 U.S.C. § 1367(c)(3)). Because the Court should dismiss Plaintiff's federal law claims under the Fourteenth Amendment to the United States Constitution and the federal Fair Housing Act, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and allow Plaintiff to pursue them in state court if he so chooses.

Plaintiff answered the Court's Questionnaire and provided a Supplemental Response as well. Plaintiff has offered no facts to suggest that he could state a valid claim against the Defendant under federal law if the Court gave him another opportunity to amend his Complaint. On these facts, the undersigned concludes that Plaintiff has pleaded his best case under federal law, though his pleadings fail to state a claim upon which the Court can grant relief.

## IV.     CONCLUSION

Because the Plaintiff has not alleged sufficient facts to show that he is entitled to recover on his claim under the Fourteenth Amendment to the United States Constitution or the federal Fair Housing Act, Judge O'Connor should **DISMISS** these federal law claims **with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's remaining claims are for violation of the Texas

Constitution and the Texas Fair Housing Act. The Court should decline to exercise supplemental jurisdiction over the claims and **DISMISS** them **without prejudice** to Plaintiff's right to pursue such claims in state court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on May 28, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE